**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-01987-KMT

ERIC TYLER VETTE

      Plaintiff,

v.

K-9 UNIT DEPUTY SANDERS
SERGEANT GUSTON
K-9 DEPUTY OX

      Defendants.

---

**DEFENDANTS' MOTION TO STRIKE "K-9 DEPUTY OX" PURSUANT TO FED. R. CIV. P. 12(f)**

---

Sergeant Keith Sanders (incorrectly captioned as "K-9 UNIT DEPUTY SANDERS") and Sergeant Steve Gustin (incorrectly captioned as "SERGEANT GUSTON") ("Defendants"), by and through their attorney Andrew R. McLetchie of Fowler, Schimberg, Flanagan & McLetchie, P.C., hereby submit the following Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) and in support thereof, state as follows:

**Certification Pursuant to D.C.COLO.LCivR 7.1**

In accordance with D.C.COLO.LCivR 7.1(b), undersigned counsel has not conferred with Plaintiff because Plaintiff proceeds *pro se* and is currently incarcerated.

**I.     INTRODUCTION**

Plaintiff has inappropriately named a dog—"K-9 Deputy Ox"—as a Defendant in this matter. A dog is not a "person" capable of being sued under 42 U.S.C. § 1983. Consequently,

1

naming "K-9 Deputy Ox" as a "Defendant" is impertinent and immaterial. The dog that Plaintiff's

Prisoner Complaint [ECF #1] refers to as "K-9 Deputy Ox" should, therefore, be stricken as a

Defendant from this action.

## II.     STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(f), a court may strike from a pleading any matter that is

"redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f); *Webster v. Nations*

*Recovery Center, Inc.*, 2009 WL 2982649, *1 (D. Colo. 2009). "The purpose of Rule 12(f) is to

save the time and money that would be spent litigating issues that will not affect the outcome of

the case." *Id.* (citations omitted). The Court may properly grant a motion to strike under Rule 12(f)

when "(1) the allegations have no bearing on the controversy and (2) the movant can demonstrate

prejudice caused by the allegations." *Id.* "'Prejudice occurs when the challenged pleading or

allegation confuses the issues or is so lengthy and complex that it places an undue burden on the

responding party.'" *Id.* at *2 (quoting *Dean v. Gillette*, 2004 WL 3202867, at *1 (D. Kan. June 8,

2004)). It is within the Court's discretionary authority to grant or deny a motion to strike under

Rule 12(f). *Beltran v. Interexchange, Inc.*, 2017 WL 4418709, at *1 (D. Colo. Jun 9, 2017).

## III.     ARGUMENT

### A. "K-9 Deputy Ox" is a dog and, therefore, should be stricken as a Defendant in this action.

Plaintiff claims his constitutional rights were violated when a dog—"K-9 Deputy Ox"—

allegedly bit him in the course of Plaintiff's arrest for driving under the influence, drug possession,

eluding police, reckless driving, and a host of other charges on December 31, 2017. Based on this

incident, Plaintiff's Prisoner Complaint [ECF #1] asserts claims for alleged violations of Plaintiff's

Eighth and Fourteenth Amendment rights against three "defendants":

        (1) K-9 Unit Deputy Sanders;[1]

        (2) Sergeant Guston;[2] and

        (3) K-9 Deputy Ox.[3]

The Defendant named "K-9 Deputy Ox" is a dog. This is confirmed by the allegations in Plaintiff's Prisoner Complaint [ECF #1], which alleges the following:

> On December 31, 2017, K-9 Deputy Ox violated Amendment 8 and 14 constitutional rights by assaulting me after two deputy's [sic] had me aprehended [sic] and *deputy Ox bite [sic] my right shoulder* to where I have scares [sic] to prove. The insodent [sic] hurt me physically, mentally and emotionally.

Pl. Prisoner Compl. [ECF #1], page 4 (emphasis added).

Additionally, Plaintiff's claim against Sergeant Sanders includes the allegation that Sgt. Sanders "let[ ] dog attack me. . . ." *Id.* at p. 3.

"K-9 Deputy Ox" is not a proper defendant under 42 U.S.C. § 1983.[4] Section 1983 is a vehicle for asserting a cause of action against a "person" who, under color of law, allegedly violates a plaintiff's federal constitutional or statutory rights. A dog is not a "person" and, thus, is not suable under 42 U.S.C. § 1983.

The conclusion that a dog is not a proper defendant is "perhaps so obvious that authority bothering to state it is evasive." *Bustamante v. Gonzalez*, 2008 WL 4323505, at *6 (D. Ariz. 2008) ("Defendants correctly note that a dog is not an appropriate party in this action."). Undersigned

---

[1] Defendant Sanders' name and title is set forth incorrectly in the caption of Plaintiff's Complaint. Defendant Sanders' correct name and title is Sergeant Keith H. Sanders.

[2] Defendant Guston's name is set forth incorrectly in the caption of Plaintiff's Complaint. The correct name and spelling is Sergeant Steven Gustin.

[3] The correct name of "K-9 Deputy Ox" is "K-9 Oxx."

[4] Although not captioned as such, Plaintiff's cause of action is asserted pursuant to 42 U.S.C. § 1983.

counsel was unable to identify any case in the Tenth Circuit or District of Colorado that has

addressed the scenario of a Section 1983 plaintiff naming an animal as a defendant. Nonetheless,

when the issue has been presented in other courts, the courts have unequivocally ruled that a dog

is not a "person" that is suable under 42 U.S.C. § 1983. For example, in *Dye v. Wargo*, 253 F.3d

296, 299 (7th Cir. 2001), the Seventh Circuit held that a police dog named "Frei," which bit an

arrestee who was attempting to flee from police, was not a "person" subject to liability under 42

U.S.C. § 1983. The Seventh Circuit commented on the numerous legal "problems" that would be

imposed upon the parties and the court for entertaining a suit against Frei:

> A suit against a dog poses a host of other problems. Was Frei served with process?
> Did he retain as his lawyer Lynn E. Kalamaros, who purports to represent all three
> defendants? Was Frei offered the right of self-representation under 28 U.S.C. §
> 1654? What relief does Dye seek from a dog—Frei's awards, perhaps? Could Frei
> claim qualified immunity? If a reasonable person in the defendant's position would
> not have understood that what he was doing violated the Constitution, damages are
> unavailable. . . . Must we then ask whether a reasonable dog in Frei's position should
> have understood that he was violating Dye's constitutional rights?. . . . All things
> considered, it is best to follow the Dictionary Act and hold that a dog is not a proper
> defendant in litigation under § 1983.

In *Jones v. Fransen*, 857 F.3d 843, 857 n.9 (11th Cir. 2017), the Eleventh Circuit agreed

with *Dye* and commented that the plaintiff's action against a police dog named "Draco," to the

extent it was asserted under 42 U.S.C. § 1983, would "necessarily fail." The *Jones v. Fransen*

court explained that Section 1983, by its terms, does not contemplate an action against a dog.

"Section 1983 creates a cause of action against '[e]very *person* . . . .'" *Id.* (emphasis in original).

The Dictionary Act, 1 U.S.C. § 1, which the federal courts "use to determine the meaning of any

Act of Congress, unless the context indicates otherwise, does not expressly include dogs in its

definition of 'person.'" *Id.* (internal punctuation omitted). Instead, the Dictionary Act defines the

term "person" to "include corporations, companies, associations, firms, partnerships, societies, and

4

joint stock companies, as well as individuals." *Id.* (quoting 1 U.S.C. § 1). "[W]hile the word 'individual' can be ambiguous, the dictionary's primary definitions for it refer solely to a human being. . . ." *Id.* (quotations of dictionary definitions for the term "human being" omitted). Nothing "in the context of § 1983 suggest[s] that Congress intended to authorize lawsuits against dogs." *Id.; see also Rodriguez v. Police Dog Kubo*, 2011 WL 3687608, at *2 (E.D. Calif. 2011) (dismissing claims against K-9 Kubo with prejudice); *Bustamante*, 2008 WL 4323505, at *6 (agreeing that a dog is not a proper defendant in litigation under § 1983 and dismissing "K-9 Jake" as a defendant); *Widdoes v. Malone*, 2013 WL 5913677, at *3 (D. Del. 2013) ("The unknown K-9 is improperly named as a defendant").

The dog referred to in Plaintiff's Prisoner Complaint as "K-9 Deputy Ox" is not a proper defendant.[5] Naming "K-9 Deputy Ox" as a Defendant is immaterial and impertinent to Plaintiff's Section 1983 action. Immaterial matter is "that which has no essential or important relationship to the claim for relief, or a statement of unnecessary particulars in connection with that which is material." *Webster*, 2009 WL 2982649, at *2 (citation omitted). Here, the text of 42 U.S.C. § 1983 and federal case law make clear that "K-9 Deputy Ox" is not a proper party because it is not a "person" who can be sued under 42 U.S.C. § 1983. Any "conduct" attributed to K-9 Deputy Ox is encompassed in the elements of Plaintiff's Section 1983 claims against Sergeant Sanders and Sergeant Gustin, which entail allegations of excessive force, and "approving of" the alleged "dog attack" by K-9 Deputy Ox. *See* Pl. Prisoner Compl. [ECF #1] at pp. 4-5. To the extent the alleged "conduct" of K-9 Deputy Ox is material, it can only be addressed through claims against a human

---

[5] For this reason, undersigned counsel has not entered an appearance on behalf of "K-9 Deputy Ox."

"person" under Section 1983. Plaintiff's allegations and claims against Defendant "K-9 Deputy Ox" are immaterial, impertinent, and have no bearing on the actual controversy.

Allowing "K-9 Deputy Ox" to remain a Defendant would also prejudice Sergeant Sanders and Sergeant Gustin by requiring them to respond to a Prisoner Complaint premised upon the legally impossible notion that a dog can be sued. Perpetuating this notion will hopelessly confuse the issues throughout the litigation; impose an undue burden on Sergeant Sanders and Sergeant Gustin in mounting a defense; require Sergeant Sanders and Sergeant Gustin to unnecessarily expend time and money litigating claims and issues entangled with the faulty premise that "K-9 Deputy Ox" is a "person" that can be sued under Section 1983; and present an inconvenience to the Court and detract from the goal of judicial economy. The prejudice to Defendants that will inevitably occur, not to mention the inconvenience to the Court, warrants striking "K-9 Deputy Ox" as a Defendant.

Because the dog referred to as "K-9 Deputy Ox" is not a proper party, and considering the prejudice to Sergeant Sanders, Sergeant Gustin, and the inconvenience to the Court that will occur if "K-9 Deputy Ox" remains a Defendant, Plaintiff's naming of "K-9 Deputy Ox" as a Defendant should be stricken pursuant to Fed. R. Civ. P. 12(f).

### IV.     CONCLUSION

Plaintiff has attempted to sue a dog, "K-9 Deputy Ox." This is impermissible, because only a "person" may be sued under 42 U.S.C. § 1983. Plaintiff's naming of "K-9 Deputy Ox" is impertinent, immaterial, and an undue burden on Sergeant Sanders and Sergeant Gustin. Accordingly, the Court should grant this Motion and strike Plaintiff's naming of K-9 Deputy Ox as a Defendant pursuant to Fed. R. Civ. P. 12(f).

**DATED** this 4th day of March, 2019.

Respectfully Submitted,

*/s/ Andrew R. McLetchie*
Andrew R. McLetchie, Atty. No. 34035
Eden R. Rolland, Atty. No. 48877
Fowler, Schimberg, Flanagan & McLetchie, PC
350 Indiana Street, Suite 850
Golden, Colorado  80401
Telephone: 303-298-8603
Fax: 303-298-8748
a_mcletchie@fsf-law.com
e_rolland@fsf-law.com
*Attorney for Sgt. Keith Sanders and Sgt. Steve Gustin*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2019, I electronically filed the foregoing **DEFENDANTS' MOTION TO STRIKE "K-9 DEPUTY OX" PURSUANT TO FED. R. CIV. P. 12(f)** with the Clerk of Court using the CM/ECF system, as well as by U.S. Mail to Plaintiff at the following address:

Eric Tyler Vette, *Pro Se*
DOC #180289
Crowley County Correctional Facility (CCCF)
P.O. Box 100
Olney Springs, CO 81062

*/s/ Jill Ribera*
Jill Ribera