**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-01987-KMT

ERIC TYLER VETTE

      Plaintiff,

v.

K-9 UNIT DEPUTY SANDERS
SERGEANT GUSTON
K-9 DEPUTY OX

      Defendants.

---

**DEFENDANT GUSTIN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Sergeant Steve Gustin (incorrectly captioned as "SERGEANT GUSTON") ("Defendant"), by and through his attorney Andrew R. McLetchie of Fowler, Schimberg, Flanagan & McLetchie, P.C., hereby submits the following Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), and in support thereof, states as follows:

**Certification Pursuant to D.C.COLO.LCivR 7.1**

In accordance with D.C.COLO.LCivR 7.1(b), undersigned counsel has not conferred with Plaintiff because Plaintiff proceeds *pro se* and is currently incarcerated.

**I.    INTRODUCTION**

Shortly after midnight on December 31, 2017, Plaintiff fled from law enforcement officers in his vehicle, recklessly engaging them in a dangerous pursuit in and around downtown Montrose, Colorado, at times driving at speeds exceeding 100 miles per hour. Plaintiff was stopped and

1

apprehended only after officers succeeded in safely diverting Plaintiff's vehicle from the road and into an open field. After coming to a stop, Plaintiff continued to attempt to evade officers by running across the field. He was overtaken by officers and placed under arrest on thirteen separate charges, including felony charges for vehicular eluding, identity theft, and unlawful possession of a controlled substance, with officers having found cocaine and numerous unauthorized prescription medications inside Plaintiff's vehicle.

Plaintiff's claim against Sergeant Gustin stems from a discrete incident that allegedly transpired during Plaintiff's arrest. Specifically, Plaintiff alleges that after he had been apprehended by officers, he was assaulted by Sergeant Sanders and bitten by a K-9 unit—a dog that Plaintiff refers to as "K-9 Deputy Ox."[1] Plaintiff effectively claims that Sergeant Gustin "let" the alleged assault happen. However, all of the allegations in Plaintiff's Prisoner Complaint toward Sergeant Gustin are conclusory. As such, Plaintiff fails to allege a factual basis upon which he can show that Sergeant Gustin violated Plaintiff's constitutional rights. Thus, Plaintiff's Prisoner Complaint is insufficient to state a claim for relief against Sergeant Gustin and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To do so does not require detailed factual allegations, but it does demand more than an "unadorned, the

---

[1] Sergeant Sanders and Sergeant Gustin have contemporaneously filed a Motion to Strike Pursuant to Fed. R. Civ. P. 12(f), which moves the Court to strike "K-9 Deputy Ox" from Plaintiff's Prisoner Complaint as a Defendant in this action.

defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" are not sufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Nor can a complaint withstand a motion to dismiss if it merely "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In reviewing a motion to dismiss under Rule 12(b)(6), "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III. ARGUMENT

**A. Sergeant Gustin Is Entitled to Qualified Immunity.**

At all times relevant to Plaintiff's claims, Sergeant Gustin was acting pursuant to his law enforcement duties as an officer of the Montrose County Sheriff's Office. As such, he is entitled to qualified immunity, which protects him "from liability for civil damages insofar as [his] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown v. The City of Colo. Springs*, 709 Fed. Appx. 906, 913 (10th Cir. 2017) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is more than a defense to liability; it is immunity from suit. *See id.* at 913; *Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985)). To overcome Sergeant Gustin's qualified immunity, Plaintiff must satisfy "a heavy two-part burden." *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). First, Plaintiff must demonstrate that Sergeant Gustin's individual actions violated Plaintiff's constitutional rights. *Id.* Second, Plaintiff must show that the constitutional right allegedly violated was "clearly established" at the time of Sergeant Gustin's conduct on December 31, 2017. *Id.*

Here, Plaintiff's Prisoner Complaint fails to sufficiently allege facts that can overcome Sergeant Gustin's qualified immunity. None of the conclusory allegations in Plaintiff's Prisoner Complaint are capable of stating a claim for relief for a constitutional violation under 42 U.S.C. § 1983, or of providing Sergeant Gustin with notice of the grounds on which the alleged constitutional violation is based. Because he is immune from suit, Sergeant Gustin should not be burdened with the uncertainty and expense of discovery and further litigation. *See Mitchell*, 472 U.S. at 526 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."). Accordingly, the Court should dismiss Plaintiff's claims against Sergeant Gustin pursuant to Fed. R. Civ. P. 12(b)(6).

### 1. Plaintiff's Prisoner Complaint Fails to Allege a Constitutional Violation by Sergeant Gustin.

Plaintiff's Prisoner Complaint fails to state a claim for relief against Sergeant Gustin in his individual capacity. The allegations in Plaintiff's Prisoner Complaint regarding Sergeant Gustin are the quintessential example of threadbare and conclusory statements, which must be disregarded. The entirety of Plaintiff's claim against Sergeant Gustin reads as follows:

> Supporting Facts: On December 31, 2017, Sergeant Gusten violated Amendmet 8 and 14 constitutional rights by directly approving of Deputy Sanders's violations of the same rights 8 and 14, by letting Deputy Sander's an K-9 Ox assault me. The insodent hurt me physically, emotionally and mentalally. [Sic.]

Pl. Prisoner Compl. [ECF #1], p. 5 (notated by Plaintiff as page 4).

These allegations do not just lack factual detail; they do not contain any facts at all. As the U.S. Supreme Court noted in *Twombly*, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the

4

nature of the claim, but also 'grounds' on which the claim rests. . . . Rule 8(a) . . . does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" *Twombly*, 550 U.S. at 555 n.3 (citing 5 Wright & Miller § 1202, at 94, 95) (internal punctuation marks omitted).

To allege a claim under 42 U.S.C. § 1983 for failure to intervene, a plaintiff must allege facts showing that the defendant officer "had a realistic opportunity to intervene to prevent harm from occurring." *Savannah v. Collins*, 547 Fed. Appx. 874, 876 (10th Cir. 2013) (citations omitted). Without allegations that a defendant officer *could* have stopped an unconstitutional use of force, and had the ability to do so under the circumstances but did not, a plaintiff's failure-to-intervene claim cannot overcome a 12(b)(6) motion to dismiss. *Id.* In *Savannah*, the plaintiff alleged that the defendant law enforcement officer unconstitutionally failed to prevent another officer's K9, "Zorro," from biting the plaintiff. *Id.* at 874. The district court denied the officer's 12(b)(6) motion to dismiss, but the Tenth Circuit reversed, explaining:

> The factual assertions do not plausibly suggest that Officer Collins had a realistic opportunity to intervene. Although [the plaintiff] Mr. Savannah asserts that Officer Collins could have stopped Zorro, he does not assert that Officer Collins could have stopped Zorro. Officer Collins did not deploy Zorro and there is no assertion that he had the ability to control the dog. Thus, Mr. Savannah only concludes, without factual support, that Officer Collins could have intervened during the attack by Zorro.
>
> *Id.* at 876.

As it was in *Savannah*, so it is here. Plaintiff fails to provide any factual support for the conclusory and vague statements that Sergeant Gustin "directly approv[ed] of" and "let[] Deputy Sander's an K-9 Ox assault me." *See* Pl. Prisoner Compl., p. 5. Such conclusory statements must be disregarded. *Iqbal*, 556 U.S. at 678. Furthermore, Plaintiff's Prisoner Complaint contains no facts regarding Sergeant Gustin's personal conduct. Plaintiff fails to set forth any factual

allegations regarding what Sergeant Gustin saw, heard, or observed; when he saw, heard, or observed it; where Sergeant Gustin was located in relation to the alleged assault; whether Sergeant Gustin had the ability to control "K-9 Deputy Ox"; or any facts indicating Sergeant Gustin otherwise had a realistic opportunity to intervene. The complete absence of any factual allegations means that Plaintiff fails to state a claim for a failure to intervene, or for any constitutional violation, by Sergeant Gustin. Without factual allegations that Sergeant Gustin committed a constitutional violation, Plaintiff's Prisoner Complaint fails to state a claim for relief, and must be dismissed as to Sergeant Gustin pursuant to Fed. R. Civ. P. 12(b)(6).

### B. Plaintiff's Complaint Fails to State a Claim Against the Montrose County Sheriff's Office.

Plaintiff's Prisoner Complaint indicates that Plaintiff is suing Defendant Gustin in his official capacity. Pl. Compl. [ECF #1], p. 3. A suit against a law enforcement officer in his official capacity is equivalent to an action against the government entity for whom the officer works. *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998). Thus, Plaintiff's assertion of "official capacity" claims against Sergeant Gustin is equivalent to a suit against the Montrose County Sheriff's Office ("MCSO").

Plaintiff's Prisoner Complaint contains no allegations to support a claim against the MCSO. To allege a claim under 42 U.S.C. § 1983 against a municipal entity such as MCSO, Plaintiff is required, at a minimum, to allege facts showing: (1) the existence of an MCSO policy or custom; and (2) a direct causal link between the MCSO policy or custom and Plaintiff's alleged constitutional deprivation. *Bauer v. City and Cnty. of Denver*, 642 Fed. Appx. 920, 923 (10th Cir. 2016) (citations omitted) (affirming dismissal of the plaintiff's complaint for failure to state a claim against the City and County of Denver). Plaintiff's Prisoner Complaint [ECF #1] does not set forth

6

any allegations, conclusory or otherwise, that an MCSO policy or custom caused, or was a "moving force" of the alleged constitutional violation. Furthermore, MCSO liability cannot be premised upon a theory of vicarious liability. *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 770 (10th Cir. 2013). That is, even if the actions of an MCSO officer "inflicted an injury" upon Plaintiff—which did not occur—MCSO cannot be held liable "solely for the actions of its employee." *Id.* The total absence of any allegations relating to the elements of municipal liability means that Plaintiff's "official capacity" claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

Plaintiff has failed to state a claim on which relief can be granted. The conclusory statements in Plaintiff's Prisoner Complaint [ECF #1] are insufficient to allege that Sergeant Gustin violated Plaintiff's constitutional rights. Plaintiff thus fails to plead facts to overcome Sergeant Gustin's qualified immunity. Additionally, Plaintiff fails to allege facts to state a plausible claim for relief against Sergeant Gustin in his official capacity. Therefore, Defendant Gustin respectfully requests that the Court grant this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), dismiss all claims against Sergeant Gustin, and enter judgment in Sergeant Gustin's favor.

**DATED** this 4th day of March, 2019.

Respectfully Submitted,

*/s/ Andrew R. McLetchie*
Andrew R. McLetchie, Atty. No. 34035
Eden R. Rolland, Atty. No. 48877
Fowler, Schimberg, Flanagan & McLetchie, PC
350 Indiana Street, Suite 850

Golden, Colorado 80401
Telephone: 303-298-8603
Fax: 303-298-8748
A_McLetchie@fsf-law.com
E_Rolland@fsf-law.com
*Attorney for Sgt. Keith Sanders and Sgt. Steve Gustin*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 4th day of March, 2019, I electronically filed the foregoing **DEFENDANT GUSTIN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** with the Clerk of Court using the CM/ECF system, as well as by U.S. Mail to Plaintiff at the following address:

Eric Tyler Vette, *Pro Se*
DOC #180289
Crowley County Correctional Facility (CCCF)
P.O. Box 100
Olney Springs, CO 81062

                                                */s/ Jill Ribera*
                                                Jill Ribera