**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-01987-KMT

ERIC TYLER VETTE

    Plaintiff,

v.

K-9 UNIT DEPUTY SANDERS
SERGEANT GUSTON
K-9 DEPUTY OX

    Defendants.

---

**REPLY IN SUPPORT OF DEFENDANT GUSTIN'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6) [ECF #28]**

---

Sergeant Steve Gustin (incorrectly captioned as "SERGEANT GUSTON") ("Defendant"), by and through his attorney Andrew R. McLetchie of Fowler, Schimberg, Flanagan & McLetchie, P.C., submits the following Reply in support of his Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF #28] ("Motion to Dismiss"), and states as follows:

**REPLY**

Plaintiff's Prisoner Complaint [ECF #1] fails to state a claim upon which relief can be granted against Sergeant Gustin. Plaintiff's Prisoner Complaint, as well as his Response [ECF #38] to Sergeant Gustin's Motion to Dismiss, are devoid of factual detail concerning Sergeant Gustin's role in the incident at issue. That incident involved an encounter between Plaintiff and a K-9 unit, "Oxx," which transpired in the course of Plaintiff's flight from law enforcement. After a lengthy high-speed vehicular chase in and around downtown Montrose, Colorado, Plaintiff's attempt to

1

elude officers culminated in Plaintiff's apprehension and arrest in an open field, where Plaintiff had continued to flee on foot. Plaintiff alleges that Oxx's collar became unlatched, that Oxx "attacked" Plaintiff's right shoulder, and that Sergeant Sanders struck Plaintiff, in violation of his constitutional rights. Plaintiff's claim against Sergeant Gustin is premised upon the theory that Sergeant Gustin let these things happen. There is no factual basis to Plaintiff's claim.

### A. Plaintiff does not allege any facts concerning Sergeant Gustin's role.

Plaintiff's allegations against Sergeant Gustin are restated below to emphasize and demonstrate how sparse, vague, and conclusory they are. Plaintiff's claim in its entirety reads:

> On December 31, 2017, Sergeant Gusten violated Amendmet 8 and 14 constitutional rights by directly approving of Deputy Sanders's violations of the same rights 8 and 14, by letting Deputy Sander's an K-9 Ox assault me. The insodent hurt me physically, emotionally and mentalally. [Sic.]

Pl. Prisoner Compl. [ECF #1], p. 5 (notated by Plaintiff as page 4).

These statements contain no facts. There are no facts indicating Sergeant Gustin had a "realistic opportunity to intervene," so as to state a failure-to-intervene claim. *Savannah v. Collins*, 547 Fed. Appx. 874, 876 (10th Cir. 2013). Plaintiff's conclusory statement that Sergeant Gustin "directly approv[ed]" of the alleged conduct provides no factual information. As explained in Defendant's Motion to Dismiss [ECF #28], Plaintiff's Prisoner Complaint does not provide any allegations regarding what Sergeant Gustin saw, heard, or observed; when he saw, heard, or observed it; where Sergeant Gustin was located; or whether Sergeant Gustin had the ability to control Oxx. *See* Motion [ECF #28], at pp. 5-6. Without any allegations describing a "realistic opportunity to intervene," Plaintiff's claim fails. *See Gurule v. Ambuehl*, 2018 WL 1384464, *8 (D. Colo. 2018) (Section 1983 lawsuit against two officers based upon alleged "attack" by a police dog, in which the Court explained how the plaintiff's failure to allege that the second officer

"participated in or was responsible for calling off Dax [the dog], or that he had the authority to do so . . . . [Or] that [the second officer] is Dax's handler," was grounds for dismissing claim against the second officer).

Plaintiff's Response [ECF #38] attempts to introduce, for the first time, "facts." Plaintiff states in his Response, "Sergeant Gustin sat to my right side watching Sergeant Sanders assaulting me . . . let K-9 Oxx attack my right shoulder, that's when Sergeant Gustin states 'okay that's enough.'" Pl. Response [ECF #38], p. 1. Plaintiff did not raise any of these "facts" in his original Complaint, and asserted them only after his pleading deficiencies were addressed in Sergeant Gustin's Motion to Dismiss. Nevertheless, these allegations are still insufficient to state a claim for relief, because they still do not describe a "realistic opportunity to intervene" to prevent the alleged harm. Plaintiff's new statements actually state that Sergeant Gustin *did* intervene and stopped further harm from occurring. Be that as it may, the Court need not address the sufficiency of the allegations set forth for the first time in Plaintiff's Response. "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). It is proper for the Court to disregard new materials raised for the first time in a response in opposition to a motion to dismiss. *See e.g. Erikson v. BP Expl. & Prod. Inc.*, 567 Fed. Appx. 637, 639 (10th Cir. 2014), *cert. denied*, 135 S. Ct. 441 (2014), *reh'g denied*, 135 S. Ct. 1031 (2015); *Nitka v. Nelnet, Inc.*, 2018 WL 1035086 at *4 (D. Colo. 2018). Plaintiff's "new" allegations should be disregarded.

To summarize, Plaintiff's allegations amount to nothing more than conclusory "the defendant-unlawfully-harmed-me" accusations and "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*,

Case 1:18-cv-01987-KMT   Document 42   Filed 05/29/19   USDC Colorado   Page 4 of 6

550 U.S. 544, 570 (2007)). Such statements fail to state a claim on which relief can be granted. *Id.* Plaintiff's alleged claim against Sergeant Gustin must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### B. Plaintiff fails to overcome Sergeant Gustin's qualified immunity as a matter of law.

Plaintiff has failed to allege any facts indicating Sergeant Gustin committed a constitutional violation. Plaintiff therefore fails to satisfy the first prong of his "heavy two-part burden" in overcoming Sergeant Gustin's qualified immunity. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). None of the allegations in Plaintiff's Prisoner Complaint [ECF #1] nor the statements and arguments made in his Response [ECF #38] are sufficient to carry Plaintiff's heavy burden necessary to overcome Sergeant Gustin's qualified immunity. Qualified immunity shields Sergeant Gustin from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 527 (10th Cir. 2017). The Court must dismiss Plaintiff's claims against Sergeant Gustin pursuant to Fed. R. Civ. P. 12(b)(6).

### C. Plaintiff admits he is suing Sergeant Gustin in his individual capacity only; therefore, any official capacity claims must be dismissed.

In his Response, Plaintiff acknowledges he is not asserting any claims "against the Montrose County Sheriff's Office." *See* Response [ECF #38], p. 2. This is appropriate, as there no allegations to support such a claim. *See generally* Pl. Prisoner Compl. [ECF #1]. To the extent that Plaintiff's Prisoner Complaint states a claim against Sergeant Gustin in his "official capacity," such a claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Defendant Gustin respectfully requests that the Court **grant** his Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(f) [ECF #28], dismiss all of Plaintiff's claims against him,

and enter judgment for Defendant Gustin and against Plaintiff.

**DATED** this 29th day of May, 2019.

                                      Respectfully Submitted,

                                      */s/ Andrew R. McLetchie*
                                      Andrew R. McLetchie, Atty. No. 34035
                                      Eden R. Rolland, Atty. No. 48877
                                      Fowler, Schimberg, Flanagan & McLetchie, PC
                                      350 Indiana Street, Suite 850
                                      Golden, Colorado 80401
                                      Telephone: 303-298-8603
                                      Fax: 303-298-8748
                                      A_McLetchie@fsf-law.com
                                      E_Rolland@fsf-law.com
                                      *Attorney for Sgt. Keith Sanders and Sgt. Steve Gustin*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2019, I electronically filed the foregoing **REPLY IN SUPPORT OF DEFENDANT GUSTIN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** with the Clerk of Court using the CM/ECF system, as well as by U.S. Mail to Plaintiff at the following address:

Eric Tyler Vette, *Pro Se*
DOC #180289
Sterling Correctional Facility (SCF)
7C C-108
P.O. Box 6000
Sterling, CO 80751

*/s/ Eden Rolland*
Eden Rolland

6