**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-01987-KMT

ERIC TYLER VETTE

      Plaintiff,

v.

K-9 UNIT DEPUTY SANDERS
SERGEANT GUSTON
K-9 DEPUTY OX

      Defendants.

**REPLY IN SUPPORT OF DEFENDANT SANDERS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 [ECF #29]**

Sergeant Keith Sanders (incorrectly captioned in Plaintiff's Prisoner Complaint as "K-9 UNIT DEPUTY SANDERS") ("Defendant"), by and through his attorney Andrew R. McLetchie of Fowler, Schimberg, Flanagan & McLetchie, P.C., submits the following Reply in support of his Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) Or, In The Alternative, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 ("Motion") [ECF #29], and states as follows:

    **I.    ARGUMENT IN REPLY**

Despite Plaintiff's misguided efforts to concoct a constitutional claim of "excessive force" against Sergeant Sanders, Plaintiff's allegations fail to state a claim on which relief can be granted. Sergeant Sanders has qualified immunity. Plaintiff's allegations fail to overcome this defense. None of the allegations in Plaintiff's Prisoner Complaint [ECF #1], nor the arguments in Plaintiff's

Response [ECF #38] to Sergeant Sanders' Motion, describe an act of unconstitutional "excessive force." Nor was Plaintiff's constitutional right to be free from "excessive force" clearly established, when that right is considered in the context of the specific circumstances of Plaintiff's arrest. Those circumstances, which are undisputed, include: (i) Plaintiff fled from officers in his vehicle at night, for an extended duration and at dangerously high speeds, at times exceeding 100 miles per hour; (ii) Plaintiff fled through downtown Montrose, through nearby residential areas, and on frequently-traveled roads in the surrounding area, endangering himself, the officers, and the public; (iii) after officers safely diverted Plaintiff's vehicle off the road, Plaintiff continued to flee from officers by running across an open field; and (iv) officers knew Plaintiff had three outstanding warrants for his arrest—one misdemeanor and two felonies. Defendants continue to deny Plaintiff's allegations of use of force; nonetheless, the amount of force allegedly used was objectively reasonable under these circumstances. No U.S. Supreme Court decision, Tenth Circuit decision, or the weight of authority from other courts holds that Plaintiff had a constitutional right under such circumstances to be free from the amount of force that was allegedly used.

The Court may easily conclude that dismissal is warranted under Fed. R. Civ. P. 12(b)(6) by examining the allegations in Plaintiff's Complaint [ECF #1] and Response [ECF #38] and by taking judicial notice of the recorded investigative facts regarding Plaintiff's arrest on December 31, 2017. Alternatively, if the Court decides to convert this Motion into one for summary judgment, the public records of the investigation of the incident reveal there is no genuine dispute of material fact and that Sergeant Sanders is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56.

### A. Plaintiff's allegations do not defeat Sergeant Sanders' qualified immunity as a matter of law.

Once a government official asserts qualified immunity, the burden shifts to the plaintiff to overcome that defense. *See e.g. Pyle v. Woods*, 874 F.3d 1257, 1262 (10th Cir. 2017) (citation omitted). Thus, to overcome Sergeant Sanders' qualified immunity, Plaintiff bears the two-pronged burden of pleading facts sufficient to show that Sergeant Sanders "plausibly violated" his constitutional rights, and that those rights were clearly established at the time. *Robbins v. Okla.*, 519 F.3d 1242, 1249 (10th Cir. 2008). The Court must therefore consider whether the facts Plaintiff alleges in his Prisoner Complaint [ECF #1] make out a violation of a constitutional right, and whether that right was clearly established at the time of the alleged misconduct. *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (citation omitted). The sparse and conclusory allegations set out in Plaintiff's Prisoner Complaint [ECF #1] are wholly insufficient to carry this heavy burden.

### 1. Plaintiff's Prisoner Complaint [ECF #1] fails to allege a constitutional violation.

#### i. <u>K-9 Oxx did not "assault" Plaintiff.</u>

Plaintiff alleges in his Prisoner Complaint [ECF #1] that Sergeant Sanders "let[ ] dog attack me"; that Plaintiff was "assaulted by . . . Ox"; and that "Deputy Ox [sic] bite my right shoulder." Pl. Prisoner Compl. [ECF #1] at pp. 1 and 2. Setting aside, as the Court must, Plaintiff's conclusory phrases, the only factual allegation in Plaintiff's Prisoner Complaint is the allegation that K-9 Oxx 'bit' Plaintiff on his right shoulder. This paltry allegation, with nothing further, is insufficient to allege that Sergeant Sanders intentionally "seized" Plaintiff via K-9 Oxx in violation of the Fourth Amendment. There are no allegations or evidence that Plaintiff was handcuffed or had already been placed in custody when the incident with Oxx occurred. Nor are there any allegations that

3

the alleged "bite" was excessive in light of Plaintiff's flight from arrest, or that Plaintiff was bit for any excessive length of time.[1] To the contrary, Plaintiff's Response [ECF #38] to Sergeant Sanders' Motion acknowledges that Sergeant Sanders "pull[ed] K-9 Oxx off of me" "when" "K-9 Oxx attack[ed] my right shoulder." Response [ECF #38] at p. 1.[2]

Plaintiff's Prisoner Complaint and Response are also devoid of any allegations that Sergeant Sanders *intentionally* dispatched Oxx to bite Plaintiff. Instead, Plaintiff's Complaint and Response merely state that Sergeant Sanders "let" K-9 Oxx bite Plaintiff. *See* Pl. Prisoner Compl. [ECF #1] at p. 4; Response [ECF #38] at p. 1. Additionally, Plaintiff's Response concedes the statements in Sergeant Sanders' Supplemental Narrative, which report that Sergeant Sanders did not purposefully unlatch Oxx's collar. Plaintiff writes on page one of his Response: "Sergeant Sanders states that his K-9 Oxx unlatched *its* collar…." Pl. Response [ECF #38] at p. 1 (emphasis added). Plaintiff also writes on pages two to three of his Response: "…in his statement Sergeant Sanders stated that K-9 Oxx's collar came unlatched and 'K-9 Oxx attempted to bite the suspect' … Sergeant Sanders later states in his Supplemental Narrative Report that he Sergeant Sanders

---

[1] Despite Plaintiff's allegation that "Ox bite [sic] my right shoulder," Defendants maintain there were no "bite" marks. The attached photos of Plaintiff's right shoulder, attached as **Exhibit C**, were taken immediately after Plaintiff was apprehended and the incident with Oxx occurred. There are scratch marks, but no puncture or "bite" wounds. The skin was not broken. The marks depicted in the photos are consistent with what Sergeant Sanders recorded in his Supplemental Narrative Reports. *See* Ex. A (Incident Report), at p. 7 ("I checked Eric's right shoulder where K9 Oxx made contact with him and observed some abrasions and scratches, but no broken skin."). These photos were part of the Incident Report file prepared in relation to Plaintiff's arrest. The Court may take notice of these photos, as they are a matter of public record and admissible, without converting this Motion into one for summary judgment. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); *Barrientos-Sanabria v. Holte*, 2012 WL 6107904, at *5 (D. Colo. 2012) (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 162, 170 (1988)).

[2] Plaintiff's Response [ECF #38] was not timely filed. Defendant Sanders filed his Motion [ECF #29] on March 4, 2019. Plaintiff did not file a Response until May 10, 2019, more than six weeks past his filing deadline.

4

grabbed K-9 Oxx by the neck and prevented him from engaging me the suspect any further." Plaintiff does not dispute the truth or accuracy of any of the statements in Sergeant Sanders' Supplemental Report. Plaintiff's Response only attempts to argue the semantic meanings of plainly understood words such as "attempt" and "engage." *See* Response [ECF #38] at p. 3. This argument is unpersuasive. In the absence of any intentional act by Sergeant Sanders to dispatch Oxx on Plaintiff or to intentionally keep Oxx on Plaintiff for a disproportionate period of time, Plaintiff's allegations with respect to K-9 Oxx fail to state a claim against Sergeant Sanders on which relief can be granted.

### ii. Sergeant Sanders' alleged use of force was objectively reasonable as a matter of law.

Plaintiff alleges "excessive force . . . due to Sanders punching, hitting with dog chain in face."[3] Pl. Prisoner Compl. [ECF #1] at p. 4; *cf.* Response [ECF #38] at p. 1. Sergeant Sanders denies Plaintiff's allegations; nevertheless, giving Plaintiff every benefit of the doubt, the amount of force that was allegedly used was objectively reasonable as a matter of law, considering Plaintiff's dangerous flight from law enforcement, his resistance to arrest prior to being taken into

---

[3] The Montrose County Sheriff's Office "Incident Report," attached as Exhibit B to Sergeant Sanders' Motion, provides a detailed and contemporaneous account of the events and circumstances relating to Plaintiff's flight, arrest, and officer involvement. *See* Ex. B. Sergeant Sanders asks the Court to take judicial notice of the fact that the Incident Report does not contain any record of Sergeant Sanders striking Plaintiff. The Court may do so without converting this Motion into one for summary judgment, because the Incident Report is an admissible public record. *See Tal*, 453 F.3d at 1264 n.24; *Barrientos-Sanabria*, 2012 WL 6107904, at *5 (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 162, 170 (1988)). Should the Court decide to treat this Motion as one for summary judgment, Plaintiff does not dispute the authenticity or veracity of the Incident Report. Nor does Plaintiff offer any argument or evidence to substantiate his allegation that Sergeant Sanders struck him. Plaintiff merely reiterates the unsupported allegations in his Complaint, which is not enough to defeat summary judgment. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

custody, and his outstanding felony warrants. Whether an officer's use of force is objectively reasonable is based upon "the perspective of a reasonable officer on the scene." *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1220 (10th Cir. 2005). In making this determination, the Court must consider: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *See Gurule v. Ambuehl*, 2018 WL 1384464, at *4 (D. Colo. 2018) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). In making an arrest, officers may "use some degree of physical coercion or threat thereof to effect it" without violating the Constitution. *Gross v. Pirtle*, 245 F.3d 1151, 1158 (10th Cir. 2001) (quoting *Graham*, 490 U.S. at 396). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham*, 490 U.S. at 396.

Here, taking Plaintiff's allegations as true, the alleged use of force was objectively reasonable under the circumstances of Plaintiff's dangerous flight from law enforcement and active resistance to arrest; the multiple outstanding warrants for Plaintiff's arrest, including on felony charges; and the immediate threat that Plaintiff's high-speed flight and his resistance to arrest posed to officers and the public. At the time of Plaintiff's arrest, Sergeant Sanders knew the following: (a) Plaintiff was a "wanted felon," *see* Ex. B at p. 7; (b) Plaintiff had fled from officers and engaged officers in a dangerous, high-speed chase in and around Montrose, Colorado, *see id.* at pp. 5-6 and p. 7; (c) Plaintiff did not yield to officers in his vehicle, and instead Plaintiff's vehicle was stopped only after "Tactical Vehicle Intervention" was used to successfully divert Plaintiff's vehicle into a field, *id.* at p. 7; (d) after Plaintiff's vehicle was stopped, Plaintiff continued to resist arrest by fleeing on foot, *id.*; and (e) Sergeant Sanders observed Sergeant Gustin still "chasing the

suspect" in his patrol vehicle, with lights and siren activated, *id.* In short, when Sergeant Sanders arrived on the scene he knew, at a minimum, that Plaintiff was a "wanted felon" who was resisting arrest and posed a risk to officer safety. It should also be noted that, in the course of searching Plaintiff's person and vehicle, officers found what appeared and later tested to be cocaine, as well as numerous unmarked prescription pills. *Id.* at pp. 6, 7. Plaintiff also stated to Sergeant Sanders that he was "drugged." *Id.* at p. 7. Plaintiff does not dispute any of the above facts.

When weighed against these circumstances, an alleged "bite" by a K-9 unit and an alleged "strike" is objectively reasonable. The level of force Plaintiff alleges that Sergeant Sanders used is not unconstitutionally excessive as a matter of law. All of the *Graham* factors weigh in favor of this conclusion. Furthermore, Tenth Circuit precedent amply supports this conclusion. *See e.g. Marquez*, 399 F.3d at 1221 (deployment of police dog in the face of two fleeing robbery suspects following a high-speed car chase was reasonable); *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1317 (10th Cir. 2009) (release of police dog on a potentially armed suspect who had made threatening statements and fled his home at night in a residential neighborhood was reasonable); *Gross*, 245 F.3d at 1158 (deputy's alleged conduct of kicking motorist's foot "very hard" during arrest on traffic charge did not violate Fourth Amendment's reasonableness standard).

It is clear from the face of Plaintiff's Prisoner Complaint that Plaintiff has failed to allege an *unconstitutional* use of force. Sergeant Sanders also asks that the Court take judicial notice of the Incident Report of the event, attached as Exhibit A to Sergeant Sanders' Motion [ECF #29]. Nothing in the Incident Report suggests that officers used force on Plaintiff in violation of the Fourth Amendment. As noted above, the Court may consider the Incident Report without converting this Motion into one for summary judgment, because the Incident Report is an

7

admissible public record. *See Tal*, 453 F.3d at 1264 n.24; *Barrientos-Sanabria*, 2012 WL 6107904, at *5 (citing *Beech Aircraft Corp.*, 488 U.S. 153 at 170).

Because Plaintiff has failed to allege a constitutional violation, Plaintiff cannot overcome Sergeant Sanders' qualified immunity. Plaintiff's claim against Sergeant Sanders must be dismissed under Fed. R. Civ. P. 12(b)(6). Alternatively, if the Court chooses to convert this into a Motion for Summary Judgment, there is no genuine dispute of material fact that neither K-9 Oxx nor Sergeant Sanders assaulted Plaintiff, and Sergeant Sanders is entitled to judgment as a matter of law. Accordingly, the Court should enter judgment in Sergeant Sanders' favor pursuant to Fed. R. Civ. P. 56.

> **2. The Fourth Amendment right to be free from "excessive force" is not clearly established under the circumstances of Plaintiff's dangerous flight from law enforcement.**

"'The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1283-84 (10th Cir. 2007) (citation omitted). As argued in Defendant's Motion [ECF #29], there is no legal authority that clearly establishes "that an officer applies excessive force by dispatching a canine to apprehend a person for whom the officer has an arrest warrant and who had demonstrated an inclination to flee and evade arrest." *See* Motion [ECF #29] at p. 13; *see also Gurule*, 2018 WL 1384464, at *7. Moreover, undersigned counsel was unable to find a Tenth Circuit or U.S. Supreme Court case clearly establishing that an officer's use of a similar minimal level of force in similar circumstances—i.e., a single inadvertent dog "bite" and "punch," where a wanted felon was dangerously fleeing from law enforcement and resisting arrest—constituted "excessive" use of

force in violation of the Fourth Amendment. In short, assuming Plaintiff's allegations regarding use of force are true, there is still no way that Sergeant Sanders would have known that the inadvertent bite by K-9 Oxx and an admittedly brief, vaguely described use of force on Plaintiff in the course of Plaintiff's arrest were "excessive" in violation of the Fourth Amendment. Plaintiff's generalized Fourth Amendment right to be free from "excessive force" does not extend when applied to the particular circumstances of this case. *See White v. Pauly*, 137 S.Ct. 548, 552 (2017) ("clearly established law must be 'particularized' to the facts of the case."). Undersigned counsel has been unable to locate any U.S. Supreme Court or Tenth Circuit decision that establishes a plaintiff's Fourth Amendment right under circumstances similar to those presented here. When viewed in the context of the undisputed facts of this case, the constitutional right that Plaintiff alleges is not clearly established. Thus, Plaintiff fails to overcome the second prong of Sergeant Sanders' qualified immunity. Sergeant Sanders is entitled to dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).

**B. Plaintiff admits he is suing Sergeant Sanders in his individual capacity only; therefore, any official capacity claims must be dismissed.**

In his Response, Plaintiff acknowledges he is not asserting any claims "against the Montrose County Sheriff's Office." *See* Response [ECF #38], p. 2. This is appropriate, as there no allegations to support such a claim. *See generally* Pl. Prisoner Compl. [ECF #1]. To the extent that Plaintiff's Prisoner Complaint states a claim against Sergeant Sanders in his "official capacity," such a claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   CONCLUSION

Plaintiff has failed to plead facts to overcome Sergeant Sanders' qualified immunity. First, Plaintiff fails to allege a violation of his constitutional rights. As a matter of law, the conduct that

Plaintiff alleges in his Prisoner Complaint [ECF #1] does not constitute "excessive force." Further, the Incident Report—of which the Court may take judicial notice—is devoid of any indication of "excessive force." Second, under the circumstances of Plaintiff's dangerous vehicular flight from law enforcement, his resistance to arrest, and status as a wanted felon at the time of his arrest, the right Plaintiff alleges has not been clearly established. The Court should **grant** Defendant Sanders' Motion [ECF #29] pursuant to Fed. R. Civ. P. 12(b)(6).

In the alternative, if the Court should construe this as a Motion for Summary Judgment, the Court should enter summary judgment in Sergeant Sanders' favor pursuant to Fed. R. Civ. P. 56. Defendant Sanders has met his burden of showing an absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. Plaintiff has failed to point to any specific facts showing a genuine issue for trial. Plaintiff's Prisoner Complaint [ECF #1] and Response [ECF #38] merely assert conclusory statements and unsupported allegations. The Incident Report confirms that these statements and allegations are without merit. Accordingly, Defendant Sanders is entitled to summary judgment as a matter of law pursuant to Fed. R. Civ. P. 56.

**DATED** this 29th day of May, 2019.

Respectfully Submitted,

*/s/ Andrew R. McLetchie*
Andrew R. McLetchie, Atty. No. 34035
Eden R. Rolland, Atty. No. 48877
Fowler, Schimberg, Flanagan & McLetchie, PC
350 Indiana Street, Suite 850
Golden, Colorado 80401
Telephone: 303-298-8603
Fax: 303-298-8748
A_McLetchie@fsf-law.com
E_Rolland@fsf-law.com
*Attorney for Sgt. Keith Sanders and Sgt. Steve Gustin*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2019, I electronically filed the foregoing **REPLY IN SUPPORT OF DEFENDANT SANDERS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 [ECF #29]** with the Clerk of Court using the CM/ECF system, as well as by U.S. Mail to Plaintiff at the following address:

Eric Tyler Vette, *Pro Se*
DOC #180289
Sterling Correctional Facility (SCF)
7C C-108
P.O. Box 6000
Sterling, CO 80751

*/s/ Eden Rolland*
Eden Rolland