IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–01987–KMT

ERIC TYLER VETTE,

    Plaintiff,

v.

K-9 UNIT DEPUTY SANDERS,
SEARGENT GUSTON, and
K-9 DEPUTY OX,

    Defendants.

## ORDER

This matter is before the court on "Defendants' Motion to Strike 'K-9 Deputy Ox' Pursuant to Fed. R. Civ. P. 12(f)." (Doc. No. 27, filed March 4, 2019.) Plaintiff filed a response on May 10, 2019 (Doc. No. 38), and Defendants filed a reply on May 29, 2019 (Doc. No. 41).

Defendants move to strike K-9 Deputy Ox, which is a K-9 dog, as a defendant. Federal Rule of Civil Procedure 12(f) provides, in relevant part, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . ." "The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citing *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993)); *see also RTC v. Schonacher*, 844 F. Supp. 689, 691 (D.

Kan. 1994) (stating that Rule 12(f)'s purpose "is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial").

Defendants argue that the inclusion of K-9 Deputy Ox is immaterial and impertinent to Plaintiff's action under 42 U.S.C. § 1983. Defendants also argue that Defendants Sanders and Gustin will be prejudiced by Plaintiff's naming of K-9 Deputy Ox as a defendant. The court disagrees. However, the court does agree that K-9 Deputy Ox is not a proper party to this case and will be dismissed on that basis.[1]

Section 1983 applies only to a "person" who acts under color of state law. *See* 1 U.S.C. § 1 (defining the word 'person' to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals" but not dogs or other animals); *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001) (plaintiff alleging excessive force at arrest cannot sue police dog as dog is not a proper defendant in § 1983 litigation); *Price v. New Orleans Police Dep't*, No. CIV.A. 09-3241, 2011 WL 1542831, at *1 n.3 (E.D. La. Mar. 18, 2011), *report and recommendation adopted*, No. CIV.A. 09-3241, 2011 WL 1557761 (E.D. La. Apr. 20, 2011) (dog is not a person who can be sued in § 1983 action); *Banks v. Hall*, 2010 WL 572879, at * 5 (D.N.H. Feb. 5, 2010); *Smith v. P.O. Canine Dog Chas*, No. 02 6240 KMW DF, 2004 WL 2202564, at *4 (S.D.N.Y. Sept. 28, 2004) (A police dog is not a "person" under § 1983); *Fitzgerald v. McKenna*, 1996 WL 715531, at *7 (S.D.N.Y. Dec. 11, 1996) (denying attempt to maintain § 1983 action against police dog because "animals lack capacity to be sued").

---

[1] The court may dismiss this defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Because K-9 Deputy Ox is a dog, it cannot be sued in this action. Accordingly, it is

**ORDERED** that "Defendants' Motion to Strike 'K-9 Deputy Ox' Pursuant to Fed. R. Civ. P. 12(f)" (Doc. No. 27) is **DENIED**. It is further

**ORDERED** that Defendant K-9 Deputy Ox is dismissed from this action with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Dated this 24th day of September, 2019.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge