**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-01987-KMT

ERIC TYLER VETTE,

    Plaintiff,

v.

K-9 UNIT DEPUTY SANDERS,

    Defendant.

**MOTION TO COMPEL DISCOVERY DISCLOSURES AND RESPONSES**

This motion to compel concerns four discrete issues, pursuant to Fed. R. Civ. P. 37(a)(3) and 36(a)(6), with Defendant's responses to Plaintiff's written discovery requests:

- First, Defendant's interrogatory responses are full of impermissible conditional answers "notwithstanding the objection." The responses must be amended to withdraw any inoperative objections.

- Second, Defendant's response to Mr. Vette's Request for Production No. 1 impermissibly incorporates by reference "the objections and privileges invoked and identified in Defendant's Privilege Log and elsewhere in Defendant's responses." Such incorporation by reference is improper and must be stricken or withdrawn.

- Third, Defendant has refused to produce of certain responsive documents except under an "attorney's eyes only" protective order; such a restriction is unwarranted here and would

violate Mr. Vette's due process rights. The responsive documents must be disclosed to Mr. Vette.

- Fourth, Defendant's responses to Mr. Vette's Requests for Admission do not squarely admit or deny the matters requested to be admitted and are therefore insufficient. Defendant must provide sufficient answers to the Requests for Admission.

Additionally, Plaintiff respectfully requests expedited resolution of the motion, and an award of costs and fees. As explained further herein, the instant disputes could—and should—have been promptly resolved pursuant to the Court's ordinary discovery dispute resolution procedures.

**Statement Regarding Conferral:**

Undersigned counsel conferred by phone with Eden R. Rolland, counsel for the defendant, regarding the underlying discovery disputes on June 15, 2021, at which time Defendant's counsel agreed to reconsider Defendant's positions with respect to the discovery disputes herein. (**Ex. 1, June 15, 2021 email chain**). Counsel conferred again with Ms. Rolland on June 23, 2021, at which time Defendant's counsel stated that Defendant stood by his positions, and the parties agreed to call the Court on June 25, 2021 at 9:30 a.m. pursuant to KMT Civ. Practice Standard III.A.2. However, on the morning of the agreed-upon call, counsel for defendant unilaterally refused to participate on the grounds that the parties had separately begun preliminary settlement discussions. (**Ex. 2, June 25, 2021 email chain).** Undersigned counsel called Ms. Rolland at the agreed-upon time, and Ms. Rolland confirmed that she did not want to participate in a joint call to the Court. Undersigned counsel subsequently called the Court, and

was instructed that, under the circumstances, Plaintiff would be permitted to file a written motion, and should do so.

**I. Defendant's Conditional Interrogatory Responses Are Impermissible.**

In Defendant's responses to Mr. Vette's Interrogatory Nos. 4, 5, and 6 Mr. Sanders lists some objections, yet answers the interrogatory "notwithstanding the objection." (**Ex. 3, Interrogatory Responses**). Such conditional responses are impermissible. Either the interrogatories are objectionable, or they are not.

The practice of "respond[ing] to discovery requests by asserting objections and then answering 'subject to' or 'without waiving'" such objections "is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure." *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, No. 11-2684-JWL, 2014 WL 545544, at *2 (D. Kan. Feb. 11, 2014). "[S]uch conditional answers are invalid and unsustainable." *Id.* Indeed, Mr. Vette is left "uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered." *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 442 (D. Utah 2020) (internal quotation omitted).

Indeed, during conferral, counsel for Defendant stated that no information was being withheld based on any of these objections, yet still refused to withdraw the objections. But Plaintiff should not have to take counsel's word for it. If no information is being withheld, the objections must be withdrawn. The Court should order Defendants to amend their answers, removing any such objections.

## II. Defendant's Response to Mr. Vette's Request for Production No. 1 Impermissibly Incorporates Undefined Objections.

Defendant's response to Mr. Vette's Request for Production No. 1 states that it "incorporates the objections and privileges invoked and identified in Defendant's Privilege Log and elsewhere in Defendant's responses to Plaintiff's First Set of Interrogatories or Requests for Admission." (**Ex. 4, RFP Responses**). Such incorporation by reference is improper here, because it is not clear what objections are referred to.

First, no privilege log has been produced, and a party must make any objections in its response to a discovery request, or else they are waived. During conferral, counsel for Defendant confirmed that there is, in fact, no privilege log, and that this response was likely a mistake due to copying for from a document in another case. Nonetheless, Defendant's has refused to amend the responses accordingly. Second, it is not clear which objections, if any, are actually being relied on. The Rules are clear that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34 (b)(2)(C). Again, if no information is being withheld, the objections must be withdrawn. The Court should order defendants to provide an amended response without this improper objection-by-reference.

## III. Defendant Must Disclose any Withheld Documents.

Defendant is withholding production of responsive documents and has stated that they will only agree to produce them subject to "attorney's eyes-only restriction." The documents include Montrose County Sheriff's Office use-of-force and K-9 polices, Defendant's personnel records, and the training records for both Defendant and K-9 Oxx—the police dog that bit Mr. Vette. Many of these documents are public records under Colorado law.

During conferral, Defendant's counsel was unable to articulate a particularized reason why the "attorney's eyes only restriction" is necessary or appropriate. Defendant raised only a generalized concern regarding the possibility that the documents in question could be in possession of an incarcerated individual. Mr. Vette has made clear that Mr. Sanders' home address, phone number, social security number, and other similar information, is not being sought and may be redacted.

An "attorney's eyes only" restriction is grossly unnecessary here, and unduly interferes with Mr. Vette's due process rights and the attorney-client relationship. Defendant's unjustified refusal to produce these documents raises the question: "Should a protective order authorize attorney's-eyes-only protection for the sole reason that one party does not trust an opposing party? *Martinez v. City of Ogden*, No. 1:08CV00087TCDN, 2009 WL 424785, at *2 (D. Utah Feb. 18, 2009). The answer is clearly 'no.' Such a restriction would unduly interfere with Mr. Vette's "due process rights to have a full and fair opportunity to litigate" and would "severely hamper" his participation in his own lawsuit. *Id.* (citing *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 480–81 (1982). Additionally, such a restriction would unduly interfere in the attorney-client relationship, restricting our ability to communicate with and advise Mr. Vette. As such, the Court should order Defendant to produce the withheld documents without an "attorney's-eyes-only restriction."

### IV. Defendant's Responses to Mr. Vette's Requests for Admission are Insufficient.

Mr. Vette's Request for Admission No. 1 asks Defendant to admit that "K9 Oxx bit Plaintiff on December 31, 2017." (**Ex. 5, RFA Responses**). Yet instead of admitting or denying this straightforward fact, Defendant admits an alternative fact, stating that "It is admitted that,

5

per the medical records, there was a superficial dog bite wound and it is admitted that the pictures of the wound and medical records regarding the dog bite are authentic." *Id.* at 1. Defendants then go on to state that "Otherwise, the request is denied as phrased." *Id.* Defendant's response to Mr. Vette's Request for Admission No. 1 is identical. *Id.* at 1-2.

Defendant's responses are equivocal and ambiguous, and do not fairly meet the substance of the requests. To the extent there is some issue with how the requests are phrased, the responses fail to "state in detail why the answering party cannot truthfully admit or deny it" as required by Rule 36(a)(4). Moreover, it makes no sense why Defendant admits that the medical records reflect a "dog bite wound" but nonetheless does not admit that "K9 Oxx bit Plaintiff on December 31, 2017." The Court should order that Mr. Vette's Request for Admission No. 1 is admitted, and order that Defendant must amend his responses and squarely admit or deny Mr. Vette's Request for Admission No. 2.

## V. Defendant Must Pay Plaintiff's Expenses

If the Court grants this motion in whole or in part—"or if the if the disclosure or requested discovery is provided after the motion was filed"—the Defendant must be ordered to pay the expenses and attorney's fees and expenses incurred in making the motion. As set forth herein, undersigned counsel conferred in good faith and attempted to make use of the Court's discovery dispute resolution procedures. Defendant's failure to provide the requested discovery and responses is not substantially justified—and neither is Defendant's refusal to abide by this Court's Practice Standards.

6

### VI. This Motion Should be Resolved on an Expedited Basis

Mr. Vette respectfully requests that the Court expedite the briefing and resolution of these discovery disputes, given both the straightforward nature of the underlying issues, as well as Defendant's recalcitrance and obstinate refusal to participate in the Court's ordinary discovery dispute resolution procedures. Defendant's discovery responses will have been long overdue by the time the instant motion is fully briefed and resolved under the ordinary timeline for motions practice as set forth by the Federal Rules of Civil Procedure and this District's Local Rules of Practice. Such a delay prejudices Mr. Vette's ability to conduct further discovery in support of his claims. Defendant should not be permitted to benefit from his unjustified failure to cooperate in the discovery dispute resolution process.

### VII.     Conclusion

Mr. Vette respectfully requests that the court order Defendant to provide amended interrogatory responses without objections, order Defendant to provide an amended response to Mr. Vette's requests for production without objections, order Defendant to produce to Mr. Vette the documents being withheld, order that Mr. Vette's Request for Admission No. 1 is admitted, and order that Defendant amend his response to Request for Admission No. 2 and squarely admit or deny it, and order Defendant to pay Mr. Vette's expenses and attorney's fees incurred in making this motion.

Respectfully submitted,

*s/ Felipe Bohnet-Gomez*
Felipe Bohnet-Gomez
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400
fbg@rmlawyers.com