**Felipe Bohnet-Gomez**

| | |
|---|---|
| **From:** | Felipe Bohnet-Gomez |
| **Sent:** | Tuesday, June 15, 2021 10:53 AM |
| **To:** | Eden R. Rolland; Qusair Mohamedbhai |
| **Cc:** | Andrew McLetchie |
| **Subject:** | RE: Vette v. Sanders, Case No. 18-cv-01987-KMT -- Defendant's Responses to Plaintiff's First Set of Written Discovery and Document Production |

Good morning Eden,

For our 3pm call today, I'd also like to confer about the following issues regarding the discovery responses:

In your responses to Mr. Vette's Interrogatory Nos. 4 and 5, Mr. Sanders lists some objections, yet answers the interrogatory "notwithstanding the objection." Such conditional responses are impermissible. The practice of "respond[ing] to discovery requests by asserting objections and then answering 'subject to' or 'without waiving'" such objections "is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure." *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, No. 11-2684-JWL, 2014 WL 545544, at *2 (D. Kan. Feb. 11, 2014). "[S]uch conditional answers are invalid and unsustainable." *Id.* Indeed, Mr. Vette is left "uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered." *Smash Tech., LLC v. Smash Sols.*, LLC, 335 F.R.D. 438, 442 (D. Utah 2020) (internal quotation omitted). As such, we ask that you clarify whether any information is being withheld on the basis of any of the objections asserted in the interrogatory responses. If no information is being withheld, the objections must be withdrawn.

Additionally, the response to Mr. Vette's Request for Production No. 1 states that it "incorporates the objections and privileges invoked and identified in Defendant's Privilege Log and elsewhere in Defendant's responses to Plaintiff's First Set of Interrogatories or Requests for Admission." Such incorporation by reference is improper. First, no privilege log has been produced, and a party must make any objections in its response to a discovery request, or else they are waived. Second, it is not clear which objections, if any, are actually being relied on. The Rules are clear that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34 (b)(2)(C). Again, if no information is being withheld, the objections must be withdrawn.

Finally, the responses to the Requests for Admission are insufficient. The answers—both with respect to the admissions of alternative facts, as well as the denials "as phrased" are equivocal and ambiguous, and do not fairly meet the substance of the requests. To the extent there is some issue with how the requests are phrased, the responses fail to "state in detail why the answering party cannot truthfully admit or deny it" as required by Rule 36(a)(4). Moreover, It doesn't make any sense why Mr. Sanders admits that the medical records reflect a "dog bite wound" but nonetheless does not admit that "K9 Oxx bit Plaintiff on December 31, 2017." Mr. Sanders must squarely admit or deny the Requests for Admission.

Best,
Felipe

Felipe Bohnet-Gomez
**RATHOD | MOHAMEDBHAI LLC**
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
(303) 578-4400 (t) / (303) 578-4401 (f)
fbg@rmlawyers.com / rmlawyers.com

1

**From:** Eden R. Rolland <e_rolland@fsf-law.com>
**Sent:** Tuesday, June 15, 2021 8:38 AM
**To:** Felipe Bohnet-Gomez <fbg@rmlawyers.com>; Qusair Mohamedbhai <qm@rmlawyers.com>
**Cc:** Andrew McLetchie <a_mcletchie@fsf-law.com>
**Subject:** Re: Vette v. Sanders, Case No. 18-cv-01987-KMT -- Defendant's Responses to Plaintiff's First Set of Written Discovery and Document Production

Thanks, that is clarifying. I'll give you a call at 3 today.

Eden

**From:** Felipe Bohnet-Gomez <fbg@rmlawyers.com>
**Sent:** Monday, June 14, 2021 5:26 PM
**To:** Qusair Mohamedbhai <qm@rmlawyers.com>; Eden R. Rolland <e_rolland@fsf-law.com>
**Cc:** Andrew McLetchie <a_mcletchie@fsf-law.com>
**Subject:** Re: Vette v. Sanders, Case No. 18-cv-01987-KMT -- Defendant's Responses to Plaintiff's First Set of Written Discovery and Document Production

Hi Eden,

3pm tomorrow works. And I should be more clear about our position. We oppose any attorneys eyes only provision, or anything that would impede our ability to communicate with our client about this representation as we see fit. I look forward to discussing further with you tomorrow.

Felipe

Felipe Bohnet-Gomez
Rathod | Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
(303) 578-4400
fbg@rmlawyers.com

**From:** Eden R. Rolland <e_rolland@fsf-law.com>
**Sent:** Monday, June 14, 2021 5:07:23 PM
**To:** Felipe Bohnet-Gomez <fbg@rmlawyers.com>; Qusair Mohamedbhai <qm@rmlawyers.com>
**Cc:** Andrew McLetchie <a_mcletchie@fsf-law.com>
**Subject:** RE: Vette v. Sanders, Case No. 18-cv-01987-KMT -- Defendant's Responses to Plaintiff's First Set of Written Discovery and Document Production

Felipe,

Thank you for your email.  Would you be available for a phone call tomorrow at 3pm?

I am amenable to making changes to the protective order to avoid the 'categorical' withholding that you object to.  At the same, I want to ensure that my client's personal information as well as MCSO's policies and any other security-sensitive law enforcement practices are not compromised.  At this time, my main concerns are MCSO's official written policies that were requested, the information in Sergeant Sanders' personnel file, and investigative material outside of the 12/31/17 incident.

One possible solution is a two-tiered PO, with one tier being a standard protection from disclosure to anyone other than the parties and representatives, and the second tier being a more narrow "attorney eyes only" level of protection, to protect a more limited range of documents, as I indicate above.  I'm happy to discuss this further and open to your suggestions.

Thanks.  I will plan on giving you a call tomorrow at 3 unless I hear otherwise from you.

Thank you,

Eden


**Eden Rolland, Esq.**
**Fowler | Schimberg | Flanagan | McLetchie PC**
**350 Indiana Street, Suite 850**
**Golden, Colorado 80401**
Office:  (303) 298-8603
Direct:  (303) 285-9319
Email:    e_rolland@fsf-law.com

CONFIDENTIALITY NOTICE
This electronic mail transmission and any accompanying documents contain information belonging to the sender which may be confidential and legally privileged.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above.  If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please contact the sender by reply e-mail and destroy all copies of the original message.  Thank you.

---

**From:** Felipe Bohnet-Gomez <fbg@rmlawyers.com>
**Sent:** Monday, June 14, 2021 10:46 AM
**To:** Eden R. Rolland <e_rolland@fsf-law.com>; Qusair Mohamedbhai <qm@rmlawyers.com>
**Cc:** Andrew McLetchie <a_mcletchie@fsf-law.com>
**Subject:** RE: Vette v. Sanders, Case No. 18-cv-01987-KMT -- Defendant's Responses to Plaintiff's First Set of Written Discovery and Document Production

Good morning Eden,

Thank you for your answers and responses to the discovery requests; we will review them and let you know if we believe there are any issues we need to confer about.

But as to the proposed protective order, we cannot agree to categorically withhold relevant documents you mark as confidential from our client. As a practical matter, we are not going to be showing Mr. Vette documents produced in discovery unless there is a compelling reason for him to review them. However, we can't agree to the limitation in the protective order.

If there is a specific, articulable reason why Mr. Vette can't be allowed access to these documents—other than the mere fact of his incarceration—please share it with us so we can reconsider our position.

Otherwise, you should file a motion for protective order, which we will oppose. If you would like to confer further by phone beforehand, I can make myself available anytime today or tomorrow other than 1-2pm.

Best regards,

Felipe Bohnet-Gomez
**RATHOD | MOHAMEDBHAI LLC**
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
(303) 578-4400 (t) / (303) 578-4401 (f)
fbg@rmlawyers.com / rmlawyers.com

---

**From:** Eden R. Rolland <e_rolland@fsf-law.com>
**Sent:** Friday, June 11, 2021 10:46 PM
**To:** Qusair Mohamedbhai <qm@rmlawyers.com>; Felipe Bohnet-Gomez <fbg@rmlawyers.com>
**Cc:** Andrew McLetchie <a_mcletchie@fsf-law.com>
**Subject:** Vette v. Sanders, Case No. 18-cv-01987-KMT -- Defendant's Responses to Plaintiff's First Set of Written Discovery and Document Production

Good evening:

On behalf of Defendant Keith Sanders, attached are Defendant's answers and responses to Plaintiff's First Set of written discovery, as follows:
- Defendant's Verified Answers to Plaintiff's First Set of Interrogatories.
- Defendant's Responses to Plaintiff's First Set of Requests for Admission.
- Defendant's Responses to Plaintiff's First Set of Requests for Production.
- Production of responsive documents:  Bates **Defendant_000063** through **Defendant_000101**.

Certain requested documents contain sensitive, personal, and/or confidential information.  We request that a protective order is entered before these documents are produced.  Attached is a draft stipulated protective order for your consideration.  Because Mr. Vette is incarcerated, the PO contemplates that documents designated as "Confidential" may not be shown or provided to him (or to others, unless as specified), although nothing in the PO would preclude counsel from otherwise communicating with or providing advice to Plaintiff.  Please let me know any comments you might have on this PO.  As soon as a PO is entered, the remaining confidential documents that were requested will be produced.

Thank you,

Eden Rolland


**Eden Rolland, Esq.**
**Fowler | Schimberg | Flanagan | McLetchie PC**
**350 Indiana Street, Suite 850**
**Golden, Colorado 80401**
Office:  (303) 298-8603
Direct:  (303) 285-9319
Email:   e_rolland@fsf-law.com

CONFIDENTIALITY NOTICE
This electronic mail transmission and any accompanying documents contain information belonging to the sender which may be confidential and legally privileged.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above.  If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please contact the sender by reply e-mail and destroy all copies of the original message.  Thank you.