IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01987-KMT

ERIC TYLER VETTE,

    Plaintiff,

v.

K-9 UNIT DEPUTY SANDERS,

    Defendant.
_____

**DEFENDANT KEITH SANDERS' ANSWERS, RESPONSES, AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
_____

    Defendant Keith Sanders, in his individual capacity, by and through his attorneys Andrew R. McLetchie and Eden R. Rolland of Fowler, Schimberg, Flanagan & McLetchie, P.C., submits the following answers, responses, and objections to "Plaintiff's First Set of Interrogatories," as follows:

### ANSWERS, RESPONSES, AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

    1.    Identify each person who prepared or assisted in the preparation of the responses to these interrogatories. Do not identify anyone who simply typed or reproduced the responses.

**Answer:** Myself, Keith H. Sanders. I also communicated with my counsel. The Montrose County Sheriff's Office provided documents that are referred to in my answers.

    2.    Identify the make, model, and serial number of the collar and leash worn and/or used by K9 Oxx during your encounter with Plaintiff on December 31, 2017, and state whether and for how long they continued to be used beyond December 31, 2017.

**Answer:** The collar worn by K9 Oxx on December 31, 2017 was a C051 Nylon collar manufactured by Elite K-9 (www.elitek9.com). The collar came attached with buckles that fastened the collar around the K9's neck. I stopped using the collar after December 31, 2017. It has not been used since. The make, model, and serial number of the leash used on K9 Oxx on December 31, 2017 are unknown. There are no identifying markings on the leash. I do not specifically recall when and where I obtained the leash. The leash was an approximately 6-foot-long black leather leash. It was braided at the end near the clasp. I continued to use the leash after December 31, 2017. I retired it when Oxx retired from service in approximately September 2020.

3. Identify any medical technician, service and/or company that examined Plaintiff following his arrest on December 31, 2017.

**Answer:** EMS was on scene on December 31, 2017, and EMS personnel examined Eric Vette at the scene after he was taken into custody. I do not know the identity of any medical technician, service and/or company that examined him. I also personally am not aware of any other health care providers who examined or provided medical care to Plaintiff following his arrest.

4. Identify each document, including without limitation any photograph or video, concerning Mr. Vette's December 31, 2017 arrest and/or any force used in connection with the arrest.

**Answer:** Objection. Sergeant Keith Sanders personally does not have possession, custody, or control of any such documents. Notwithstanding the objection, such documents, photographs, or videos have already been disclosed or are produced herewith. *See* the following:

2

- Defendant_000001 to Defendant_000010 and Defendant_000080 to Defendant_000089 (Montrose County Sheriff's Office LAW Incident Table / Incident Report, Incident Number S17-17524);

- Defendant_000011 to Defendant_000014 (Montrose County Sheriff's Office intake screening report);

- Defendant_000015 to Defendant_000060 (Montrose County Sheriff's Office incident scene photos);

- Defendant_000061 to Defendant_000062 (dash camera videos);

- Defendant_000063 to Defendant_000064 (Custody One (1) Report);

- Defendant_000065 to Defendant_000067 (Property Evidence Report);

- Defendant_000068 to Defendant_000069 (Vehicle Impoundment Record);

- Defendant_000070 to Defendant_000072 (Incident Details Report);

- Defendant_000073 (Proof of Service of Active Colorado Restraint);

- Defendant_000074 to Defendant_000075 (Montrose County Sheriff's Office Request for Prosecution);

- Defendant_000076 to Defendant_000079 (Response to Resistance Reporting for Case Number S17-17524); and

- Defendant_000090 to Defendant_000092 (Affidavit in Support of Warrantless Arrest).

5. Identify each document concerning any medical evaluation or treatment of Mr. Vette following his arrest on December 31, 2017.

**Answer:** Objection. Sergeant Keith Sanders personally does not have possession, custody, or control of any such documents. Notwithstanding the objection, see the

3

previously disclosed written reports that refer to EMS, at Defendant_00005 to Defendant_000008. See also the documents produced herewith, Bates labeled Defendant_000093 to Defendant_000094 (Colorado Bureau of Investigation Forensic Services Division, Laboratory Report, Lab Case #W18-64); and Defendant_000095 to Defendant_000101 (Montrose Memorial Hospital Emergency Department records regarding Eric T. Vette on 12/31/2017).

6.     Identify and describe each interview and/or statement (whether written or unwritten and whether recorded or unrecorded) taken by and/or obtained from any individual and/or entity concerning the December 31, 2017 arrest of Mr. Vette or this lawsuit. Your response should include identification and description of the following for each such interview and/or statement: the name, address, telephone number, employer, and job title of the person interviewed; the date, location, and nature of the interview and/or statement; the name, address, telephone number, and employer of the interviewer; and the location and custodian of any and all documents and other recordings memorializing and/or related to the interview and/or statement.

**Answer:** Objection. Sergeant Keith Sanders personally does not have possession, custody, or control of any such records. Sergeant Keith Sanders does not have personal knowledge of any interviews and/or statements taken by or obtained from any person other than himself. Furthermore, the interrogatory is vague and overbroad to the extent it requests information regarding "each" unwritten or unrecorded "statement" concerning the arrest of Mr. Vette or this lawsuit. It is not possible to determine each and every unrecorded verbal statement that was made concerning Mr. Vette's December 31, 2017 arrest or this lawsuit, especially statements made by other individuals. Additionally, with

reference to the interrogatory's request for interviews and statements regarding "this lawsuit," the interrogatory seeks privileged information and communications protected by the attorney-client privilege and work product doctrine.

Notwithstanding the objections, Sergeant Keith Sanders recalls speaking with Deputy Gustin at the scene following Plaintiff's arrest about Plaintiff's vehicular flight from arrest and the vehicle's path of flight. Sergeant Sanders was not required to give, and did not give, a formal recorded interview. Sergeant Sanders provided his written supplemental narrative report, which has been disclosed at Defendant_000007 to Defendant_000008. To the extent that recorded or written interviews and/or statements are in the possession, custody, or control of the Montrose County Sheriff's Office, they have been disclosed or are produced herewith. See the documents identified in response to Interrogatory numbers 4 and 5, above.

7. Identify all complaints against K9 Oxx and/or Defendant Sanders involving allegations of excessive force. Your response should identify the complainant and describe with particularity the allegations in each complaint.

**Answer:** Objection. Law enforcement officers have a right to privacy or confidentiality to the information contained in their personnel files. *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981) (citing *Martinelli v. Dist. Court*, 612 P.2d 1083, 1092 (Colo. 1980)); *People v. Walker*, 666 P.2d 113 (Colo. 1983).

Notwithstanding the objection, there are no complaints involving allegations of excessive force by K9 Oxx, except for the complaint by Mr. Vette giving rise to this lawsuit. There are no complaints involving allegations of excessive force by Sergeant Sanders prior to December 31, 2017. In July of 2018, there was an internal complaint involving an

allegation that Sergeant Sanders poked an arrestee in the forehead while attempting to conduct horizontal gaze Nystagmus, pulled the arrestee off the tailgate of a pick-up, and kicked the arrestee on the inside of the right foot and told the arrestee to spread his feet before the arrestee was secured in the back of a patrol vehicle. A K9 was not involved in the alleged use of force. The complainants were Montrose County Sheriff's Deputy Travis Thompson and Montrose County Sheriff's Deputy Jason Grundy.

8. Identify each incident where K9 Oxx used any force against any individual. Your response should include: the date of the incident, a description of the force used, a description of the circumstances surrounding the use of force, identification of the individual(s) subject to the force, and any associated incident or case number(s).

**Answer:** Objection. the request implicates personal, identifying, and potentially sensitive information of third parties who are not parties to this action. Notwithstanding the objection, see the reports of such incidents, which will be produced upon entry of a protective order.

9. Identify each document concerning any training received by K9 Oxx, and/or any training received by you concerning police dogs, on or before December 31, 2017.

**Answer:** Objection. Sergeant Keith Sanders personally does not have possession, custody, or control of any such records. Additionally, law enforcement officers have a right to privacy or confidentiality to the information contained in their personnel files. *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981) (citing *Martinelli v. Dist. Court*, 612 P.2d 1083, 1092 (Colo. 1980)); *People v. Walker*, 666 P.2d 113 (Colo. 1983). Notwithstanding the objection, see the records of training received by

K9 Oxx and/or training received by Sergeant Sanders concerning police dogs on or before December 31, 2017, which will be produced upon entry of a protective order.

10.    Identify each communication made between or among any of you, Steve Gustin and/or Dustin Horn concerning Plaintiff's December 31, 2017 arrest or this lawsuit.

**Answer:** Objection. The request is overbroad. Additionally, Sergeant Sanders does not have personal knowledge of the communications, if any, that may have occurred between Steve Gustin and Dustin Horn. Notwithstanding the objections, Sergeant Keith Sanders recalls speaking with Deputy Gustin at the scene following Plaintiff's arrest about Plaintiff's vehicular flight from arrest and the vehicle's path of flight. Sergeant Sanders does not recall any communications to or from Dustin Horn. Sergeant Sanders also vaguely recalls making a comment at the scene about how Oxx came out of his collar and that the collar didn't work.

## VERIFICATION OF KEITH H. SANDERS

I, Keith H. Sanders, having been first duly sworn, state and verify that I have reviewed the documents in my possession, custody and control; reviewed documents in the possession, custody, and control of the Montrose County Sheriff's Department regarding the events and issues raised in this lawsuit; personally recollected the events and issues raised in this lawsuit; and prepared, with the assistance and advice of counsel, the foregoing **DEFENDANT KEITH SANDERS' ANSWERS, RESPONSES, AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** in reliance upon the information so obtained; and that the responses set forth herein are based upon, and therefore necessarily limited by, the records and information still in existence, presently recollected, and/or thus far discovered in the course of the preparation of these responses.

I reserve the right to make any changes to the responses if it appears at any time that omissions or errors have been made herein or that more accurate information is available. Subject to the limitations set forth herein, these said responses are true to the best of my knowledge, information and belief.

_____
Keith H. Sanders

STATE OF COLORADO            )
                             ) ss.
COUNTY OF __Delta__          )

SUBSCRIBED AND SWORN to before me this __10__ day of __June__, 2021, in the County of __Delta__, State of Colorado, by the above said Keith H. Sanders.

WITNESS my hand and official seal.

My commission expires: __11-13-21__

_____
Notary Public

ERIN O'CONNELL
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20174046827
My Commission Expires 11/13/2021

8

AS TO FORM AND OBJECTIONS AND REQUESTS FOR ADMISSIONS

**FOWLER, SCHIMBERG, FLANAGAN & MCLETCHIE, P.C.**

*/s/ Eden R. Rolland*  Date: June 11, 2021
Eden R. Rolland, #48877
*Attorneys for Keith Sanders*

## **CERTIFICATE OF SERVICE**

I certify that on this 11th day of June, 2021, a true and correct copy of the foregoing **DEFENDANT KEITH SANDERS' ANSWERS, RESPONSES, AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** were served via email to all counsel of record at the following email addresses, with service to:

RATHOD | MOHAMEDBHAI LLC

Qusair Mohamedbhai
Felipe Bohnet-Gomez
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400
qm@rmlawyers.com
fbg@rmlawyers.com
*Attorneys for Plaintiff Eric Tyler Vette*

　　　　　　　　　　　　　　　　　　　　*/s/ Eden Rolland*
　　　　　　　　　　　　　　　　　　　　Eden Rolland